**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES, for the use and benefit of MPI MECHANICAL, INC., a corporation of the State of Delaware,<br><br>                Plaintiff,<br><br>v.<br><br>WESTCHESTER FIRE INSURANCE COMPANY, a corporation of the State of New York,<br><br>                Defendant.<br><br>MPI MECHANICAL, INC., a corporation of the State of Delaware,<br><br>                Plaintiff,<br><br>v.<br><br>MEHAR INVESTMENT GROUP, LLC, d/b/a MIG ENVIRONMENTAL, a limited liability company of the State of Delaware; and HIRANI ENGINEERING AND LAND SURVEYING, P.C., a corporation of the State of New York,<br><br>                Defendants. | CIVIL ACTION<br><br><br><br>C.A Number: 07-cv-00542 |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERLCAIM OF DEFENDANTS WESTCHESTER FIRE INSURANCE COMPANY AS SURETY FOR HIRANI ENGINEERING AND LAND SURVEYING, P.C. TO PLAINITFFS' MPI MECHANICAL, INC. AMENDED COMPLAINT PURSUANT TO THE "MILLER ACT" <u>40 U.S.C. §3131, *ET SEQ.*</u>**

## ANSWER

Defendants, Westchester Fire Insurance Company as surety for Hirani Engineering and Land Surveying, P.C. and Mehar Investment Group t/a MIG Environmental, LLC ("Hirani/MIG" or "Defendants"), jointly and severally, responds to the Amended Complaint of the Plaintiffs' the United States for the use and benefit of MPI Mechanical, Inc., jointly and severally, ("MPI") and hereby states as follows:

**I.       THE PARTIES**

      1.      Denied. Hirani/MIG are without sufficient information to either admit or deny the allegations contained in this paragraph and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

      2.      Denied. Mehar Investment Group MIG Environmental, LLC ("MIG") is a Delaware Limited Liability company whose principal place of business is located at 1624 Newport Gap Pike, Cranston Heights, Delaware 19808.

      3.      Admitted.

      4.      Admitted.

      5.      Admitted.

**II.      JURISDICTION AND VENUE**

      6.      Denied. Hirani/MIG states that the allegations contained in Paragraph (6) call for a legal conclusion a response to which is neither necessary nor required by law. In the event that an answer is required, Hirani/MIG denies the same on the basis that they are without sufficient information to either admit or deny same.

      7.      Denied. Hirani/MIG states that the allegations contained in Paragraph (7) call for a legal conclusion a response to which is neither necessary nor required by law. In the event that

an answer is required, Hirani/MIG denies the same on the basis that they are without sufficient information to either admit or deny same.

  8. Denied. Hirani/MIG states that the allegations contained in Paragraph (8) call for a legal conclusion a response to which is neither necessary nor required by law. In the event that an answer is required, Hirani/MIG denies the same on the basis that they are without sufficient information to either admit or deny same.

  9. Denied. Hirani/MIG are without sufficient information to either admit or deny the allegations contained in this paragraph and Hirani/MIG and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

  10. Denied. Hirani/MIG states that the allegations contained in Paragraph (10) call for a legal conclusion a response to which is neither necessary nor required by law. In the event that an answer is required, Hirani/MIG denies the same on the basis that they are without sufficient information to either admit or deny same.

  11. Denied. Hirani/MIG states that the allegations contained in Paragraph (11) call for a legal conclusion a response to which is neither necessary nor required by law. In the event that an answer is required, Hirani/MIG denies the same on the basis that are without sufficient information to either admit or deny same.

**III.** **THE PROJECT**

  12. Admitted.

  13. Denied. Hirani/MIG are without sufficient information to either admit or deny the allegations contained in this paragraph and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

  14. Admitted.

15. Admitted in part and denied in part. It is admitted that the said bond was issued by Westchester Fire Insurance Company to Hirani under payment bond number K07284937. The remainder of the statement is denied as the terms and conditions of the bond speaks for itself and the intent and purpose of the bond is stated therein.

16. Denied.

### III. WORK PERFORMED BY MPI AS A SUBCONTRACTOR TO MIG[1]

17. Denied. Hirani/MIG are without sufficient information to either admit or deny the allegations contained in this paragraph and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

18. Denied. Hirani/MIG is without sufficient information to either admit or deny the allegations contained in this paragraph and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

19. Denied.

20. Denied. Hirani/MIG states that the allegations contained in Paragraph (20) call for a legal conclusion a response to which is neither necessary nor required by law. In the event that an answer is required, Hirani/MIG denies the same on the basis that they are without sufficient information to either admit or deny same.

21. Denied. Hirani/MIG is without sufficient information to either admit or deny the allegations contained in this paragraph and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

22. Denied.

---

[1] This is improperly enumerated as III, which is a duplicate of the previous section and should be section IV, however, to maintain the integrity of the numbering Defendants continue with this numbering scheme to avoid confusion.

4

23. Denied. Hirani/MIG is without sufficient information to either admit or deny the allegations contained in this paragraph and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

24. Admitted in part and denied in part. It is admitted that MIG paid MPI the amount of $70,000.00 for its work at the Project. It is expressly denied that MPI is entitled, pursuant to the terms of their contract, to the sums that they are now claiming.

25. Denied. Hirani/MIG is without sufficient information to either admit or deny the allegations contained in this paragraph and the same are accordingly denied and strict proof thereof is demanded at the time of trial. By way of further response, Hirani/MIG denies that MPI is entitled, pursuant to the terms of their contract, to the sums that they are now claiming.

IV. **WORK PERFORMED BY MPI AT THE REQUEST AND DIRECTION OF HIRANI ENGINEERING**

26. Admitted in part and denied in part. It is admitted that Hirani had direct contact with MPI to perform work on the Project. The remainder of the statement is denied to the extent that it conflicts with or misrepresents the nature and scope of the work contracted to be performed by MPI. MPI and Hirani executed a total of four (4) written contracts. The terms and conditions of those contracts are expressly defined and those contracts speak for themselves.

27. Denied. Hirani is without sufficient information to either admit or deny the allegations contained in this paragraph and Hirani and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

28. Admitted in part and denied in part. It is admitted that MPI requested the Project drawings from Hirani for their work on the Project. It is denied that these documents were provided to MPI by Jim Hirani. Project drawings were provided to MPI by Naresh Ochani, Hirani's project manager.

29. Admitted.

30. Denied. MIG Construction, LLC is an abbreviated name for a corporation that is a licensed corporation in the State of Delaware known as Mehar Investment Group, LLC a/k/a MIG Environmental, LLC with its principal place of business located at 1624 Newport Gap Pike, Cranston Heights, DE 19808.

31. Denied. MIG Construction, LLC is an abbreviated name for a corporation that is a licensed corporation in the State of Delaware known as Mehar Investment Group, LLC a/k/a MIG Environmental, LLC with its principal place of business located at 1624 Newport Gap Pike, Cranston Heights, DE 19808.

32. Denied.

33. Denied.

34. Admitted.

35. Admitted.

36. Admitted.

37. Denied.

38. Denied as alleged. It is admitted that as to certain discrete and limited matters, Hirani requested, and MPI agreed, to perform work that was in addition to the work which MPI contracted to perform for MIG.

39. Denied as alleged. It is admitted that as to certain discrete and limited matters which were not included within the scope of work MPI contracted to perform for MIG, Hirani and as directed and agreed-to by Hirani, that Hirani would pay MPI.

40. Denied as alleged. It is admitted that a representative from Hirani signed certain documents presented by MPI which purported to show that MPI personnel were on-site and

6

performing work. It is denied that the signing in acknowledgment of receipt of that documentation or that the work was performed created any contract by which Hirani was agreeing that the personnel present and work performed was outside of the scope of MPI's contract with MIG, or that the work indicated was work as directed by Hirani and for which Hirani would compensate MIG directly.

41.  Denied.

42.  Denied.

43.  Admitted in part and denied in part. It is admitted that MPI submitted invoices totaling $406,889.93. It is denied that MPI is entitled to that amount.

44.  Admitted in part and denied in part. It is admitted that Hirani has paid $135,716.82 for MPI's work at the Project. It is denied that MPI is due and owed $271,173.11.

45.  Denied.

## V.    BOND CLAIM

46.  It is admitted that on or about July 23, 2007, Westchester received correspondence from MPI by which it purported to assert a claim against the Hirani Payment Bond; it is denied that the correspondence was effective notice as required by the terms of the Bond.

47.  Denied.

48.  Denied.

## COUNT I
### Plaintiff v. Westchester
### Breach of Payment Bond Obligation

49.  Hirani hereby incorporates all of its prior responses as stated above as if set forth at length herein.

50.  Admitted.

51.     Denied. Westchester is without sufficient information to either admit or deny the allegations contained in this paragraph and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

52.     Denied.

53.     Denied.

54.     It is admitted that on or about July 23, 2007, Westchester received correspondence from MPI purporting to make the averments stated and as attached as Exhibit D to the *Amended Complaint*.

55.     The averments stated within this paragraph call for a conclusion of law to which no response from Westchester is required. To the extent a response is deemed necessary, it is admitted only that Westchester received the correspondence in substantially the form as attached as Exhibit E to the *Amended Complaint*; it is denied that correspondence was effective as notice as required by the terms of the Bond.

56.     The averments stated within this paragraph call for a conclusion of law to which no response from Westchester is required. To the extent a response is deemed necessary, it is denied.

57.     The averments stated within this paragraph call for a conclusion of law to which no response from Westchester is required. To the extent a response is deemed necessary, it is denied.

58.     The averments stated within this paragraph call for a conclusion of law to which no response from Westchester is required. To the extent a response is deemed necessary, it is denied.

59. Admitted in part and denied in part. It is admitted that MPI sent a letter dated September 7, 2007 to Westchester in substantially the same form as is attached to their as Exhibit F to the *Amended Complaint*. It is denied that Westchester has breached its obligations under the payment bond.

60. Denied.

61. The averments stated within this paragraph call for a conclusion of law to which no response from Westchester is required. To the extent a response is deemed necessary, it is denied.

62. The averments stated within this paragraph call for a conclusion of law to which no response from Westchester is required. To the extent a response is deemed necessary, it is denied.

WHEREFORE Westchester Fire Insurance Company as surety for Hirani Engineering and Land Surveying, P.C. and Mehar Investment Group t/a MIG Environmental, LLC ("Hirani/MIG" or "Defendants"), jointly and severally, demands judgment in its favor and against the plaintiffs the United States for the use and benefit of MPI Mechanical, Inc., jointly and severally, dismissing the amended complaint with prejudice together with such other relief as this Honorable Court deems just and proper.

### COUNT II
**Plaintiff v. Hirani Engineering**
**Breach of Contract**

63. Hirani hereby incorporates all of its prior responses as stated above as if set forth at length herein.

64. Denied. Hirani agreed to pay MPI for the value of its services on the Project pursuant to the terms and conditions of three (3) written contracts.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

WHEREFORE Hirani Engineering and Land Surveying, P.C., demands judgment in its favor and against the plaintiffs the United States for the use and benefit of MPI Mechanical, Inc., jointly and severally, dismissing the amended complaint with prejudice together with such other relief as this Honorable Court deems just and proper.

## COUNT III
### Plaintiff v. MIG
### Breach of Contract

70. Hirani hereby incorporates all of its prior responses as stated above as if set forth at length herein.

71. Admitted in part and denied in part. It is admitted that MIG agreed to pay MPI for the work that they performed on the Project pursuant to the terms and conditions of the contract and the Project specifications. It is denied that MIG is entitled, pursuant to the terms of the contract, to the amounts that they are now claiming.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

WHEREFORE Mehar Investment Group t/a MIG Environmental, LLC, demands judgment in its favor and against the plaintiffs the United States for the use and benefit of MPI Mechanical, Inc., jointly and severally, dismissing the amended complaint with prejudice together with such other relief as this Honorable Court deems just and proper.

## COUNT IV
### Plaintiff v. Hirani Engineering
### Unjust Enrichment

77.     Hirani hereby incorporates all of its prior responses as stated above as if set forth at length herein.

78.     Admitted in part and denied in part. It is admitted that MPI performed work on the Project for Hirani; Hirani is unable to either admit or deny MPI's expectations regarding payment and to the extent any response is deemed necessary, the remainder of the statement is denied.

79.     Admitted in part and denied in part. It is admitted that MPI performed work on the Project; it is denied that any work performed by MPI was for Hirani's use, enjoyment or to Hirani's enrichment.

80.     The averments stated within this paragraph call for a conclusion of law to which no response from Hirani is required. To the extent a response is deemed necessary, it is denied.

81.     The averments stated within this paragraph call for a conclusion of law to which no response from Hirani is required. To the extent a response is deemed necessary, it is denied.

82.     Denied.

WHEREFORE Hirani Engineering and Land Surveying, P.C., demands judgment in its favor and against the plaintiffs the United States for the use and benefit of MPI Mechanical, Inc.,

jointly and severally, dismissing the amended complaint with prejudice together with such other relief as this Honorable Court deems just and proper.

## COUNT V
### Plaintiff v. MIG
### Unjust Enrichment

83. Hirani hereby incorporates all of its prior responses as stated above as if set forth at length herein.

84. Admitted in part and denied in part. It is admitted that MPI performed work on the Project for MIG pursuant to the terms of a contract; it is denied that MPI's contract performance was for the benefit of MIG; and MIG can neither admit nor deny MPI's expectation with respect to its contract performance, to the extent a response is deemed necessary, the remainder of the statement is denied.

85. The averments stated within this paragraph call for a conclusion of law to which no response from MIG is required. To the extent a response is deemed necessary, it is denied.

86. The averments stated within this paragraph call for a conclusion of law to which no response from MIG is required. To the extent a response is deemed necessary, it is denied.

87. The averments stated within this paragraph call for a conclusion of law to which no response from MIG is required. To the extent a response is deemed necessary, it is denied.

88. Denied.

WHEREFORE Mehar Investment Group t/a MIG Environmental, LLC, demands judgment in its favor and against the plaintiffs the United States for the use and benefit of MPI Mechanical, Inc., jointly and severally, dismissing the amended complaint with prejudice together with such other relief as this Honorable Court deems just and proper.

### COUNT VI
### Plaintiff v. Hirani
*Quantum Meruit*

89.  Hirani hereby incorporates all of its prior responses as stated above as if set forth at length herein.

90.  The averments stated within this paragraph call for a conclusion of law to which no response from Hirani is required.  To the extent a response is deemed necessary, it is denied.

91.  The averments stated within this paragraph call for a conclusion of law to which no response from Hirani is required.  To the extent a response is deemed necessary, it is denied.

WHEREFORE Hirani Engineering and Land Surveying, P.C., demands judgment in its favor and against the plaintiffs the United States for the use and benefit of MPI Mechanical, Inc., jointly and severally, dismissing the amended complaint with prejudice together with such other relief as this Honorable Court deems just and proper.

### COUNT VII
### Plaintiff v. MIG
*Quantum Meruit*

92.  Hirani hereby incorporates all of its prior responses as stated above as if set forth at length herein.

93.  The averments stated within this paragraph call for a conclusion of law to which no response from MIG is required.  To the extent a response is deemed necessary, it is denied.

94.  The averments stated within this paragraph call for a conclusion of law to which no response from MIG is required.  To the extent a response is deemed necessary, it is denied.

WHEREFORE Mehar Investment Group t/a MIG Environmental, LLC, demands judgment in its favor and against the plaintiffs the United States for the use and benefit of MPI

Mechanical, Inc., jointly and severally, dismissing the amended complaint with prejudice together with such other relief as this Honorable Court deems just and proper.

### COUNT VIII
### Plaintiff v. Hirani
### Breach of the Delaware Prompt Payment Act
### 6 Del.C. §3501, *et seq.*

95. Hirani hereby incorporates all of its prior responses as stated above as if set forth at length herein.

96. Denied.

97. It is admitted that Hirani received funds from Black & Veatch in connection with Hirani's contract with Black & Veatch; it is denied that Hirani received funds from Black & Veatch as to any portions of the work for which MPI is claiming amounts due.

98. The averments stated within this paragraph call for a conclusion of law to which no response from Hirani is required. To the extent a response is deemed necessary, it is admitted that pursuant to 6 Del.C. §3502 any money received are impressed with trust. It is expressly denied, however, that any such money has been received by Hirani from Black & Veatch that is required to be held in trust for the benefit of MPI pursuant to the statute.

99. The averments stated within this paragraph call for a conclusion of law to which no response from Hirani is required. To the extent a response is deemed necessary, it is denied.

100. It is admitted that MPI submitted invoices; it is denied that Hirani did not dispute the amounts of any or all those invoices.

101. The averments stated within this paragraph call for a conclusion of law to which no response from Hirani is required. To the extent a response is deemed necessary, it is denied.

102. The averments stated within this paragraph call for a conclusion of law to which no response from Hirani is required. To the extent a response is deemed necessary, it is denied.

WHEREFORE Hirani Engineering and Land Surveying, P.C., demands judgment in its favor and against the plaintiffs the United States for the use and benefit of MPI Mechanical, Inc., jointly and severally, dismissing the amended complaint with prejudice together with such other relief as this Honorable Court deems just and proper.

### COUNT IX
### Plaintiff v. MIG
### Breach of the Delaware Prompt Payment Act
### 6 Del.C. §3501, *et seq.*

103. Hirani hereby incorporates all of its prior responses as stated above as if set forth at length herein.

104. Denied.

105. It is admitted that MIG received certain funds from Hirani and/or Black & Veatch in connection with MIG's work on the Project; it is denied that MIG received funds from Hirani and/or Black & Veatch with respect to the work for which MPI is seeking compensation.

106. The averments stated within this paragraph call for a conclusion of law to which no response from MIG is required. To the extent a response is deemed necessary, it is admitted that pursuant to 6 Del.C. §3502 any money received are impressed with trust. It is expressly denied, however, that any such money has been received by MIG from either Hirani or Black & Veatch that is required to be held in trust for the benefit of MPI pursuant to the statute.

107. The averments stated within this paragraph call for a conclusion of law to which no response from MIG is required. To the extent a response is deemed necessary, it is denied.

108. It is admitted that MPI submitted invoices; it is denied that MPI did not dispute any or all of those invoices.

109. Denied.

110.  The averments stated within this paragraph call for a conclusion of law to which no response from MIG is required. To the extent a response is deemed necessary, it is denied.

WHEREFORE Mehar Investment Group t/a MIG Environmental, LLC, demands judgment in its favor and against the plaintiffs the United States for the use and benefit of MPI Mechanical, Inc., jointly and severally, dismissing the amended complaint with prejudice together with such other relief as this Honorable Court deems just and proper.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred in whole or in part by virtue of the applicable Statute of Limitations and/or Doctrine of Laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the grounds of payment.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that the claims are offset by competing claims.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by lack of legal entitlement.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's have failed to satisfy all of the conditions precedent as required under the Miller Act, 40 U.S.C. §3131, *et seq.*

## COUNTERCLAIM OF HIRANI and MIG (Breach of Contract)

111. Hirani hereby incorporates by reference its responses to paragraphs 1 through 110, *supra*, as if fully restated.

112. MPI materially and substantially breached its contractual obligations to Hirani and/or to MIG thereby causing damage and injury to Hirani by, *inter alia* (by way of illustration and not limitation):

  A. Failing to complete its work within the time stated for MPI performance of its work;

  B. Causing damage to a tank delivered by a third-party materialman thereby causing Hirani to incur repair costs and delay;

  C. Failing to provide warranties for all work as required by MPI's contract;

  D. By virtue of the damage to the tank as referenced *supra*, voiding the manufacturer's warranty on the tank;

  E. Damaging the work of the paving subcontractor and failing or refusing to repair the damage, causing Hirani to incur repair/replacement costs and delay;

  F. Failing or refusing to provide Hirani and/or MIG with as-built drawings and other documentation as required by its contract agreements with Hirani and MIG;

  G. Failing or refusing to adequately document and segregate the work it performed for MIG as distinct from the discrete and limited work as directed and agreed to by Hirani.

113. MPI's breaches of its contractual obligations owed either to Hirani and/or MIG have caused and are continuing to cause damages to Hirani and/or MIG including but not limited

to Black & Veatch withholding payment owed to Hirani and/or MIG in amounts in excess of that which MPI claims is due, and which amounts are to be determined.

WHEREFORE Hirani Engineering and Land Surveying, P.C., and Mehar Investment Group t/a MIG Environmental, LLC, request this Honorable Court for judgment in their favor and against MPI in an amount to be established, along with an award of their attorneys fees and costs in this action, plus such other relief as the Court finds mete, just and appropriate.

          MARSHALL, DENNEHEY, WARNER,
          COLEMAN & GOGGIN, P.C.

           /s/Joseph Scott Shannon
          Joseph Scott Shannon, ESQUIRE
          1220 N. Market Street - 5th Floor
          P.O. Box 8888
          Wilmington, DE. 19899-8888
          (302) 552-4300
          *Attorneys for Defendants – Westchester Fire Insurance Co. as surety for Hirani Engineering and Land Surveying, P.C.; Hirani Engineering and Land Surveying, P.C.; and Mehar Investments Group t/a MIG Environmental, LLC*

DATED:     November 16, 2007

06/1134743.v1

**CERTIFICATE OF SERVICE**

Joseph Scott Shannon hereby certifies that on November 16, 2007, he caused true and correct copies of the attached *ANSWER, AFFIRMATIVE DEFENSES AND COUNTERLCAIM OF DEFENDANTS WESTCHESTER FIRE INSURANCE COMPANY AS SURETY FOR HIRANI ENGINEERING AND LAND SURVEYING, P.C. TO PLAINITFFS' MPI MECHANICAL, INC. AMENDED COMPLAINT PURSUANT TO THE "MILLER ACT" 40 U.S.C. §3131, ET SEQ.* to be served upon the following persons in the manner indicated:

    COHEN SEGLIAS PALLAS GREENHALL
       & FURMAN, P.C.
    Edward Seglias, Esquire
    John Graham, Esquire
    1007 North Orange Street, Suite 1103
    Nemours Building
    Wilmington, DE 19801
    *Via e-filing and 1st Class U.S. Mail,*
       *postage prepaid*

    MARSHALL, DENNEHEY, WARNER,
    COLEMAN & GOGGIN, P.C.

      /s/Joseph Scott Shannon
    Joseph Scott Shannon, ESQUIRE
    1220 N. Market Street - 5th Floor
    P.O. Box 8888
    Wilmington, DE. 19899-8888
    (302) 552-4300
    *Attorneys for Defendants – Westchester Fire*
    *Insurance Co. as surety for Hirani Engineering and*
    *Land Surveying, P.C.; Hirani Engineering and*
    *Land Surveying, P.C.; and Mehar Investments*
    *Group t/a MIG Environmental, LLC*